LP3_complaint2.Doc

Carl E. Person
Attorney for Plaintiff
325 W. 45th Street – Suite 201
New York NY 10036-3803
Telephone: (212) 307-4444
Facsimile: (212) 307-0247
carlpers@ix.netcom.com



RECEIVED
DEC 0 5 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------x

**JUDGE HOLWELL**

**ECF CASE**

**INTERNATIONAL TRADE & MARKETING, INC. and
FAGO'S LLC, d/b/a Fago's Produce,**

**07 CV 10999**

Index No.

                                              Plaintiffs,

**COMPLAINT**

v.

**JUNIPER TREE, INC. and YOUNG J. SUH, in his
individual and corporate capacities,**

                                              Defendants.

-----------------------------------------------------------------------------x

        Plaintiffs International Trade & Marketing, Inc. ("International") and

Fago's LLC, d/b/a Fago's Produce ("Fago's") (the "Plaintiffs") bring this action

against Defendants Juniper Tree, Inc. (the "Company") and Young J. Suh,

individually and in his corporate capacity (the "Principal"), for damages and allege as

follows:

1

## I. JURISDICTION

1.    Jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. § 499(c)(b)(2) and 7 U.S.C. § 499c(c)(5)(i) and pursuant to 28 U.S.C. §1331.

2.    Jurisdiction is also vested in this Court in that all corporate parties and the individual defendant regularly conduct business within the Southern District of New York.

3.    The Court has supplemental jurisdiction over the Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a).

## II. VENUE

4.    Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District and a substantial part of the property that is the subject of this action is situated in this District; also, the Company and the Principal are domiciled in this District.

## III. PARTIES

5.    Plaintiff, International Trade & Marketing, Inc. ("International"), a New York corporation, has offices at 220 Food Center Drive, Bronx, New York 10474, and operates its business under a valid USDA-issued PACA license, number 20050769, in good and active standing.

6.    Plaintiff, Fago's LLC, d/b/a Fago's Produce ("Fago's"), a New York corporation, has offices at 735 Drake Street, Bronx, New York 10474, and operates its business under a valid USDA-issued PACA license, number 20061190, in good and active standing.

7.    Plaintiffs sell wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

8.    Defendant, Juniper Tree, Inc. (the "Company"), a New York corporation, is a purchaser of Produce in wholesale quantities and, therefore a "dealer" pursuant to § 499a(b)(6) of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (the "PACA").

9.    The Company has its principal place of business at 1240 Oakpoint Avenue, Bronx, New York 10474.

10.    Defendant, Young J. Suh, individually (the "Principal"), is or was an officer, director and/or shareholder of the Company during the relevant time period. The Principal is or was a person in control of, and responsible for, the disposition of the Company's assets, including its PACA trust assets.

11.    The Principal has a place of business at 1240 Oakpoint Avenue, Bronx, New York 10474, and upon information and belief resides in The Bronx, New York.

12.    The Company and the Principal are collectively referred to herein as the "Defendants".

## IV.  CLAIMS FOR RELIEF

### COUNT I

#### Failure to Maintain PACA Trust
#### 7 U.S.C. §§ 499e(c)(2), 499e(c)(4)

**(Against the Company)**

13.    Plaintiff incorporates each and every allegation set forth in ¶¶ 1-12 as if fully rewritten herein.

14.    At the Company's request, Plaintiffs sold, on credit, to the Company perishable agricultural commodities, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount Unpaid [1] |
|-----------|----------------------|-------------|-------------------|---------------|
| International | 8/16/07-11/12/07 | fruits & vegetables | $20,719.60 | $20,719.60 |
| Fago's | 9/14/07-9/24/07 | fruits & vegetables | $15,066.16 | $15,066.16 |

1. Two checks ($2,850.88 9/22/07 and S5,369.28 9/21/07) paid to Fago's for 2 of the unpaid invoices totaling $15,066.16 were returned unpaid. Plus accrued interest at 18% and attorney's fees. See Exhibit C.

15.    Plaintiffs duly delivered the perishable agricultural commodities to the Company.

16.   The Company received and accepted the perishable agricultural commodities from the Plaintiffs.

17.   The Produce identified above was sold pursuant to the invoices attached hereto as Exhibit A (as to International) and Exhibit B (as to Fago's).

18.   The Company received from the Plaintiffs each of the invoices included in Exhibits A and B.

19.   The Company failed to pay for this Produce despite repeated written demands from the Plaintiffs.

20.   Pursuant to the payment terms between the Company and the respective Plaintiffs, the Company is in default with respect to the principal amount of $10,719.60 outstanding to Plaintiff International and $15,066.16 outstanding to Plaintiff Fago's.

21.   Pursuant to the trust provisions of PACA, 7 U.S.C. § 499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of the respective Plaintiffs as to all commodities received by the Company, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment is made for said commodities by the Company to the respective Plaintiffs.

22.   The Company has failed and refused to pay for the commodities it received and accepted from each of the respective Plaintiffs, despite due demand.

23.   On each of the outstanding invoices sent by the respective Plaintiffs to the Company, the Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust.  [7 U.S.C. § 499c(c)(4)], plus interest and attorney's fees.  (See, copies of unpaid invoices with respective proofs of delivery attached hereto as Exhibits A and B, respectively.)

24.   Each of the Plaintiffs is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

25.   Upon information and belief, the Company has dissipated and is continuing to dissipate the corpus of the respective statutory trust which arose in favor of the respective Plaintiffs and grew upon each delivery to the Company of perishable agricultural commodities.

26.   The failure of the Company to hold in trust for the benefit of Plaintiffs such perishable agricultural commodities received by it from the respective Plaintiffs, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to the respective Plaintiffs for said commodities, constitute

violations of PACA and PACA Regulations and are unlawful, and, as a direct result

each of the Plaintiffs has suffered damages.

## COUNT II

### Dissipation of Trust Assets
### 7 U.S.C. §§ 499(b), 499e(c), 499e(c)(4)

#### (Against All Defendants)

27.    The Plaintiffs incorporate each and every allegation set forth in ¶¶ 1-
26 as if fully rewritten herein.

28.    Upon information and belief, proceeds obtained from the resale of the

perishable agricultural commodities purchased on credit from the respective

Plaintiffs by the Company, that were needed to make full payment promptly to trust

beneficiaries as required by 7 U.S.C. § 499b, were improperly expended by the

Company and the Principal for other purposes.

29.    On each of the outstanding invoices sent by the respective Plaintiffs

to the Company, the Plaintiff, as a PACA licensee, placed the exact language

statutorily prescribed by PACA to be placed on all invoices by a licensee to notify

the buyer that a seller/supplier of perishable agricultural commodities is preserving

its rights as a beneficiary to the statutory trust.  [7 U.S.C. § 499e(c)(4)], plus interest

and attorney's fees.  (See Exhibits A and B attached hereto.)

30.    Upon information and belief, Defendants received funds subject to the trust arising under 7 U.S.C. § 499e(c), which should have been used to pay the respective Plaintiff's outstanding invoices, but were not.

31.    As a direct result of the dissipation of trust assets by the Company and the Principal, each of the Plaintiffs has suffered damages.

## COUNT III

### Failure to Pay Trust Funds
### 7 U.S.C. §§ 499(b)

### (Against the Company)

32.    The Plaintiffs incorporate each and every allegation set forth in ¶¶ 1-31 as if fully rewritten herein.

33.    The Company has failed and refuses to pay the respective Plaintiffs $10,719.60 (as to Plaintiff International) and $15,066.16 (as to Plaintiff Fago's) from the PACA trust, which sum is unpaid and overdue to the Plaintiff for the perishable agricultural commodities received and accepted by the Company from Plaintiff.

34.    The failure of the Company to make said payments to the respective Plaintiffs from the statutory trust fund is a violation of PACA 7 U.S.C. § 499b and PACA Regulations and is in breach of the Company's fiduciary duty as trustee, and, as a direct result, each of the Plaintiffs has suffered damages.

## COUNT IV

### Breach of Fiduciary Duty / Non-Dischargeability
### 7 U.S.C. §§ 499b(4), 11 U.S.C. 523(a)

#### (Against All Defendants)

35.    The Plaintiffs incorporate each and every allegation set forth in ¶¶ 1-34 as if fully rewritten herein.

36.    Upon information and belief, from August 16, 2007 to November 12, 2007 (as to International) and from September 14, 2007 to September 24, 2007 (as to Fago's), the Principal managed, controlled and directed the credit purchase of perishable agricultural commodities from the respective Plaintiffs on behalf of the Company.

37.    Upon information and belief, Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of the outstanding invoices for each of the Plaintiffs.

38.    Upon information and belief, Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to the respective Plaintiffs as required by PACA, 7 U.S.C. § 499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. § 523(a).

39.    As a direct result of the foregoing, the Company and the Principal have violated their fiduciary duties as trustees in failing and refusing to make the

payments required to satisfy the priority trust interests of the respective Plaintiffs, and, as a direct result, each of the Plaintiffs has suffered damages.

## COUNT V

### Breach of Contract / Action on Account

### (Against the Company)

40.    The Plaintiffs incorporate each and every allegation set forth in ¶¶ 1-39 as if fully rewritten herein.

41.    From August 16, 2007 to November 12, 2007 (as to International) and from September 14, 2007 to September 24, 2007 (as to Fago's), the Company contracted with the respective Plaintiffs to purchase fresh fruits and vegetables on credit.  (See Exhibits A and B.)

42.    Pursuant to the payment terms between the respective parties, the Company is in default to the respective Plaintiff on amounts unpaid and outstanding.

43.    The Company breached the contract by failing and refusing to pay Plaintiff International $10,719.60 and Plaintiff Fago's $15,066.16.  As a direct result, each of the Plaintiffs has suffered damages.

## COUNT VI

### Interest and Attorney's Fees

**(Against All Defendants)**

44.   The Plaintiffs incorporate each and every allegation set forth in ¶¶ 1-43 as if fully rewritten herein.

45.   Pursuant to PACA, 7 U.S.C. § 499e(c), and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of the respective Plaintiffs in order to make full payment to the Plaintiff of said amount ($10,719.60 as to International; and $15,066.16 as to Fago's).

46.   As a result of the failure of Defendants to maintain the trust and to make full payment promptly, each of the Plaintiffs has been required to pay attorney's fees and costs in order to bring this action to compel payment of the trust res.

47.   As a result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, each of the Plaintiffs has lost the use of said money.

48.   The Plaintiffs will not receive full payment as required by PACA, 7 U.S.C. § 499e(c), if the respective Plaintiff must expend part of said payment on attorney's fees, and litigation costs, and also suffer the loss of interest on the

outstanding amounts owed, all because of violations by Defendants of their statutory

duties to maintain the trust and make full payment promptly.

49.    In addition to the above recitals, the respective Plaintiff maintains

express claims for interest and attorney's fees based upon the terms listed on each

invoice, as between merchants, which were all bargained terms of the contract and

are sums owing in connection with the produce transaction.  Interest to and including

December 4, 2007 totals $344.14 and is accruing daily at $10.21 as to Plaintiff

International and $504.23 and is accruing daily at $7.43 as to Plaintiff Fago's.  (See

the PACA trust chart attached hereto as Exhibit C.)

## COUNT VII

### Creation of Common Fund

#### (Against All Defendants)

50.    The Plaintiffs incorporate each and every allegation set forth in ¶¶ 1-

49 as if fully rewritten herein.

50.    Each of the Plaintiffs is commencing this lawsuit on behalf of itself

and other similarly situated PACA trust creditors, and any and all monies recovered

from Defendants and other third parties will be distributed on a pro-rata basis among

the respective Plaintiffs and all perfected PACA trust creditors joined to this lawsuit.

## PRAYER

**WHEREFORE**, the Plaintiff respectfully prays that this Court issue an Order:

1.    Granting judgment in favor of the respective Plaintiffs and against each of the Defendants, jointly and severally, in the principal amount of $10,719.60 (as to International) and $15,066.16 (as to Fago's), together with pre-judgment interest (in accordance with Exhibit C) and post-judgment interest and the costs of this action;

2.    Declaring and directing the Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay the respective Plaintiff's principal trust claim of $10,719.60 (as to International) and $15,066.16 (as to Fago's), plus pre-judgment interest (in accordance with Exhibit C);

3.    Enjoining, until the entry of the relief herein requested and compliance therewith, Defendants and their agents, employees and representatives from, in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

4.    Declaring and directing Defendants to assign, transfer, deliver and turn over to the respective Plaintiffs as much of the above-described trust fund as is

necessary to fully compensate the Plaintiff for the damages it has suffered and continues to suffer;

     5.    Granting each of the Plaintiffs reasonable costs and expenses, including attorney's fees in this action; and

     6.    Such other and further relief, whether in law or in equity, as this Court deems just and proper.

**Dated:  New York, New York**
**December 4, 2007**

                                             **Respectfully submitted,**

                                          **Carl E. Person  (CP  7637)**
                                          **Attorney for the Plaintiffs,**
                                              **International Trade and**
                                              **Marketing, Inc. and Fago's LLC**
                                            **a/k/a Fago's Produce**
                                        **325 W. 45th Street - Suite 201**
                                        **New York, New York 10036-3803**
                                      **(212) 307-4444**



**INTERNATIONAL TRADE & MARKETING INC.**
220 FOOD CENTER DRIVE
BRONX, NY  10474-0000
Tel: (631) 270-7388  Fax: (631) 270-7394

# INVOICE 004090
# REPRINT

| | |
|---|---|
| Delivery Date: | 08/16/2007 |
| Customer ID. | JUNIPE/000001 |
| Phone. | (000) 000-0000 |
| Page: | 1 |

JUNIPER TREE
1240 OAK POINT AVENUE
BRONX, NY 10474-

JUNIPER TREE
1240 OAK POINT AVENUE
BRONX, NY 10474-
Phone # (000) 000-0000

| Purchase Order # | Order Date | Salesperson | | | | Ship Via | | Terms |
|---|---|---|---|---|---|---|---|---|
| 2558 | 08/27/2007 | PP | | | | 08/16/2007 | | 21 days |

| Item Code | Item Description | Quantity Ordered | Quantity Shipped | UOM | Unit Price | Extended Price | | |
|---|---|---|---|---|---|---|---|---|
| P2091 | W/MELON-S/LESS 35 | 40262.00 | 40262.00 | CS | $0.08 / CS | $3,220.96 | | |
| PROD | W/M SLESS 35 | 1.00 | 1.00 | | $8.64 | $8.64 | | |

WEIGHT:                SHIP QUANTITY:  40263.00                CUBIC FEET:

Exhibit A

PACA - The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5C of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499e) (c)). The Seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.
*NO RETURNS OR CREDITS AFTER 24 HOURS
*Subject to late charges of 1 1/2 % per month

Customer Signature                    Date

| | | |
|---|---|---|
| | SUBTOTAL: | $3,229.60 |
| | | |
| | | $3,229.60 |

Printed by Edible Software  © Solid Software Solutions, LLC



**INTERNATIONAL TRADE & MARKETING INC.**
220 FOOD CENTER DRIVE
BRONX, NY 10474-0000
Tel: (631) 270-7388 Fax: (631) 270-7394

# INVOICE 004266
# REPRINT

| | |
|---|---|
| Delivery Date: | 10/18/2007 |
| Customer ID: | JUNIPE/000001 |
| Phone: | (000) 000-0000 |
| Page | 1 |

JUNIPER TREE
1240 OAK POINT AVENUE
BRONX, NY 10474-

JUNIPER TREE
1240 OAK POINT AVENUE
BRONX, NY 10474-
Phone # (000) 000-0000

| Purchase Order # | Order Date | Salesperson | Ship via | Ship Date | Terms |
|---|---|---|---|---|---|
| 5125 | 10/24/2007 | JC | DELIVERED | 10/18/2007 | 28 days |

| Item Code | Item/Description | Quantity Ordered | Shipped | UOM | Unit Price | Extended Price | Discount/Markup |
|---|---|---|---|---|---|---|---|
| P1581 | GRPFRT-56CT RED | 440.00 | 440.00 | CS | $15.00/CS | $6,600.00 | |

WEIGHT:                SHIP QUANTITY     440.00          CUBIC FEET:

PACA  The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The Seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.
*NO RETURNS OR CREDITS AFTER 24 HOURS
*Subject to late charges of 1 1/2 % per month

| | | SUBTOTAL | $6,600.00 |
|---|---|---|---|
| | | | |
| | | | $6,600.00 |

Printed by Foxpro Software 13 Foxpro Software Solutions, LLC



INTERNATIONAL TRADE & MARKETING INC.
220 FOOD CENTER DRIVE
BRONX, NY 10474-0000
Tel: (631) 270-7388  Fax: (631) 270-7394

# INVOICE 004360
# REPRINT

| | |
|---|---|
| Delivery Date: | 11/12/2007 |
| Customer ID: | JUNIPE/C00001 |
| Phone | (000) 000-0000 |
| Page: | 1 |

JUNIPER TREE
1240 OAK POINT AVENUE
BRONX, NY 10474-

JUNIPER TREE
1240 OAK POINT AVENUE
BRONX, NY 10474-
Phone # (000) 000-0000

| Purchase Order # | Order Date | Salesperson | Ship Via | Ship Date | Terms |
|---|---|---|---|---|---|
| 5134 | 11/15/2007 | JC | DELIVERED | 11/12/2007 | 28 days |

| Item Code | Item Description | Quantity Ordered | Quantity Shipped | UOM | Unit Price | Extended Price |
|---|---|---|---|---|---|---|
| 1622 | GRPFRT-48CT RED | 880.00 | 880.00 | CS | $10.00 / CS | $8,800.00 |
| P1881 | GRPFRT-56CT red gft | 220.00 | 220.00 | CS | $9.50 / CS | $2,090.00 |

WEIGHT:                 SHIP QUANTITY:   1100.00                CUBIC FEET:

PACA - The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U S C 499e(c)).  The Seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.
*NO RETURNS OR CREDITS AFTER 24 HOURS.
*Subject to late charges at 1 1/2 % per month

Customer Signature                    Date

| | |
|---|---|
| SUBTOTAL | $10,890.00 |
| | $10,890.00 |

Printed by Famous Software  A Gold Software Solutions, L L C

*FAGO'S PRODUCE*

735 DRAKE STREET
BRONX, NY 10474

# *Invoice*

| Date | Invoice # |
|------|-----------|
| 9/14/2007 | 1962 |

| Bill To |
|---------|
| JUNIPERTREE |
| 1240 Oakpoint Ave |
| BRONX , NY. 10474 |

| Ship To |
|---------|
| |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 15 | O | 9/14/2007 | PICK UP | CREDIT | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 16,779 | WATERMELON R... | WATERMELON R/S 24" BIN | 0.32 | 5,369.28 |

FAGO'S LLC
735 DRAKE ST. BRONX
PAID

Exhibit B

| Total | $5,369.28 |
|-------|-----------|

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agriculture Commodities Act, 1930 (7 U.S.C. 499(e)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of out trust claim, we will seek to recover reasonable attorney's fees and the cost of recovery.

*FAGO'S PRODUCE*

735 DRAKE STREET
BRONX, NY 10474

# *Invoice*

| Date | Invoice # |
|------|-----------|
| 9/14/2007 | 1975 |

| Bill To |
|---------|
| JUNIPERTREE<br>1240 Oakpoint Ave.<br>BRONX , NY. 10474 |

| Ship To |
|---------|
| |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 15 | O | 9/14/2007 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 8,909 | WATERMELON R... | WATERMELON R/S 24" BIN | 0.32 | 2,850.88 |

FAGO'S LLC
735 DRAKE ST. BRONX
PAID

| | Total | $2,850.88 |
|---|-------|-----------|

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e),(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim, we will seek

NOV-29-2007  13:47                                        P.02

*FAGO'S PRODUCE*                                    *Invoice*

735 DRAKE STREET
BRONX, NY 10474

| Date | Invoice # |
|------|-----------|
| 9/19/2007 | 2115 |

| Bill To | Ship To |
|---------|---------|
| JUNIPER TREE<br>1240 Oakpoint Ave.<br>BRONX , NY  10474 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 15 | O | 9/19/2007 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 96 | PAPAYA MONTA... | PAPAYA MONTALVO | 28.00 | 2,688.00 |

|  |  |  | **Total** | **$2,688.00** |

The perishable agriculture commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim, we will seek to recover reasonable attorney's fees and the cost of recovery.

NOV-29-2007  13:47                                            P.03



*GO'S PRODUCE*
35 DRAKE STREET
BRONX, NY 10474

# *Invoice*

| Date | Invoice # |
|------|-----------|
| 9/21/2007 | 2179 |

| Bill To | Ship To |
|---------|---------|
| JUNIPERTREE<br>1240 Oakpoint Ave.<br>BRONX , NY. 10474 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 15 | O | 9/21/2007 | PICK UP | credit | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 96 | PAPAYA MONTA... | PAPAYA MONTALVO | 27.00 | 2,592.00 |

| | | Total | $2,592.00 |
|--|--|-------|-----------|

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim, we will seek to recover reasonable attorney's fees and the cost of recovery.

NOV-29-2007  13:39                                                    P.02

## *FAGO'S PRODUCE*

*735 DRAKE STREET*
*BRONX, NY 10474*

# *Invoice*

| Date | Invoice # |
|------|-----------|
| 9/24/2007 | 2253 |

| Bill To | Ship To |
|---------|---------|
| JUNIPERTREE<br>1240 Oakpoint Ave.<br>BRONX , NY. 10474 | |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 15 | O | 9/24/2007 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 58 | PAPAYA MONTA... | PAPAYA MONTALVO | 27.00 | 1,566.00 |

| | Total | $1,566.00 |
|--|-------|-----------|

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim, we will seek to recover reasonable attorney's fees and the cost of recovery.



JUNIPER TREE, INC.
DBA BEST PRODUCE
1240 OAK POINT AVENUE
BRONX, NY 10474-5604

1459

WILSHIRE STATE BANK
BAYSIDE BRANCH
BAYSIDE, NY 11361
1-1316-260

09/22/2007

PAY TO THE
ORDER OF_  FAGO'S PRODUCE

$ **2,850.88

Two Thousand Eight Hundred Fifty and 88/100*************************************************** DOLLARS

FAGO'S PRODUCE
54-02 69 PL BEISMAN
MASPETH, NY 11378

MEMO  Inv# 1975, 8/14/07

⑆001459⑆ ⑈026013165⑈ 08㉒㉒㉑20⑈

FACTURAS CUBAADQS



JUNIPER TREE, INC.
DBA BEST PRODUCE
1240 OAK POINT AVENUE
BRONX, NY 10474-6804

1458

WILSHIRE STATE BANK
BAYSIDE BRANCH
BAYSIDE, NY 11361
1-1318-260

09/21/2007

PAY TO THE
ORDER OF    FAGO'S PRODUCE

Five Thousand Three Hundred Sixty-Nine and 28/100************************************

$  **5,369.28

DOLLARS

FAGO'S PRODUCE
54-02 89 PL BEISMAN
MASPETH, NY 11378

MEMO    Inv# 1962, 9/14/07

⑈00⑈1458⑈ ⑈⑈0260⑈3⑈65⑈ 08⑈2⑈2⑈⑈20⑈







PACA Trust Chart
PACA Trust Creditor: T T Imports, Inc.
Name of Debtor/Defendant

| Invoice No. | Invoice Date | Date Notice Given | Payment Due Date | Invoice Amount Due | Number of Days Overdue 12/04/07 | Accrued Interest through 12/04/07* | PACA Trust Amount |
|---|---|---|---|---|---|---|---|

PACA TRUST CHART AS OF:     12/4/2007

PACA Trust Creditors: International Trade & Marketing, Inc. AND Fago's Produce

NAME OF DEBTOR/DEFENDANT:     Juniper Tree, Inc.
COURT and CASE NUMBER:     SDNY 07 Civ.

INTERNATIONAL TRADE & MARKETING, INC.:

| Invoice No. | Invoice Date | Date Notice Given | Payment Due Date | Invoice Amount Due | Number of Days Overdue | Accrued Interest | PACA Trust Amount |
|---|---|---|---|---|---|---|---|
| 4090 | 8/16/07 | 8/16/07 | 08/26/07 | $3,229.60 | 100 | $159.27 | $3,388.87 |
| 4266 | 10/18/07 | 10/18/07 | 10/28/07 | $6,600.00 | 37 | $120.43 | $6,720.43 |
| 4360 | 11/12/07 | 11/12/07 | 11/22/07 | $10,890.00 | 12 | $64.44 | $10,954.44 |
| | | | Totals: | $20,719.60 | | $344.14 | $21,063.74 |

* Add daily interest in the amount of     $10.218     from December 5, 2007
* Add attorney's fees incurred

FAGO'S PRODUCE:

| Invoice No. | Invoice Date | Date Notice Given | Payment Due Date | Invoice Amount Due | Number of Days Overdue | Accrued Interest | PACA Trust Amount |
|---|---|---|---|---|---|---|---|
| 1962 | 9/14/07 | 9/14/07 | 09/24/07 | $5,369.28 | 71 | $188.00 | $5,557.28 |
| 1975 | 9/14/07 | 9/14/07 | 09/24/07 | $2,850.88 | 71 | $99.82 | $2,950.70 |
| 2115 | 9/19/07 | 9/19/07 | 09/29/07 | $2,688.00 | 66 | $87.49 | $2,775.49 |
| 2179 | 9/21/07 | 9/21/07 | 10/01/07 | $2,592.00 | 64 | $81.81 | $2,673.81 |
| 2253 | 9/24/07 | 9/24/07 | 10/04/07 | $1,566.00 | 61 | $47.11 | $1,613.11 |
| | | | Totals: | $15,066.16 | | $504.23 | $15,570.39 |

* Add daily interest in the amount of     $7.430     from December 5, 2007
* Add attorney's fees incurred

Exhibit  C